[Cite as *Schmahl v. Powers*, 2013-Ohio-3241.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   99115

---

# SHARON SCHMAHL

### PLAINTIFF-APPELLEE

vs.

# MICHAEL POWERS

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-310384

**BEFORE:**   E.A. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   July 25, 2013

**ATTORNEY FOR APPELLANT**

John V. Heutsche
John V. Heutsche Co., L.P.A.
Hoyt Block Building, Suite 220
700 West St. Clair Avenue
Cleveland, OH    44113


**ATTORNEYS FOR C.S.E.A., n.k.a., CJFS-OCSS**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Farah Emeka
Assistant County Prosecutor
CJFS-OCSS
P.O. Box 93923
Cleveland, OH    44101

**FOR APPELLEE**

Sharon Schmahl, pro se
1186 Bell Street
Chagrin Falls, OH    44022

EILEEN A. GALLAGHER, J.:

{¶1} Michael Powers appeals from the decision of the trial court dismissing his motion to show cause and for attorney fees. Powers argues the trial court erred when it dismissed his motions, when it sua sponte found a provision of the divorce decree unenforceable and when it failed to allow an opportunity to file objections pursuant to Civ.R. 53. Finding merit to the instant appeal, we reverse the decision of the trial court and remand the matter for proceedings consistent with this opinion.

{¶2} This matter began in 2006 as a divorce action between Sharon Schmahl and Michael Powers. It is now before this court on an appeal of the lower court's denial of Powers' motions to require the CSEA (Child Support Enforcement Agency) n.k.a. Cuyahoga County Job and Family Services to show cause why it should not be held in contempt and for attorney fees.

{¶3} In 2009, the court filed its entry of divorce, which was signed by both parties' legal counsel. The entry of divorce includes the following pertinent language:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there exists and the Defendant Michael P. Powers, has support arrearage in the amount of One Hundred Seventeen Thousand Dollars ($117,000). CSEA shall correct its records to reflect this amount of arrearage ($117,000), and that there exists no credit toward said arrearage in the amount of One Hundred Seventeen Thousand Dollars ($117,000); and this amount of arrearage ($117,000) includes and takes into account any and all credits which exist in CSEA's records, including but not limited to, the credit in the amount of approximately Fifty Two Thousand Dollars ($52,000).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant, Michael P. Powers' support arrearage of One Hundred Seventeen Thousand Dollars ($117,000) shall be paid as follows:

1.  Plaintiff, Sharon R. Schmahl, shall receive Thirty One Thousand Dollars ($31,000) from the Defendant, Michael D. Powers' one-half (1/2) share of the joint account held by Fifth Third Bank * * * total account balance of approximately Sixty-Two Thousand Dollars ($62,000), as set forth below; * * *

2.  On or before September 16, 2009, the Defendant, Michael P. Powers, shall pay directly to the Plaintiff, Sharon R. Schmahl, the amount of Fifteen Thousand Dollars ($15,000); and,

3.  The remaining balance of Seventy-One Thousand Dollars ($71,000) shall be paid by the Defendant, Michael P. Powers, continuing to pay to the Plaintiff, Sharon R. Schmahl, the amount of One Thousand Five Hundred Dollars ($1,500) per month, plus two percent (2)% processing fee, after the emancipation of a child, until the arrearage in the amount of Seventy-One Thousand Dollars ($71,000) is paid in full.  The Defendant, Michael P. Powers may at any time pay the entire balance then due and owing to the Plaintiff, Sharon R. Schmahl, directly to the Plaintiff, Sharon R. Schmahl.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that CSEA shall not collect on the amount of arrearage except as set forth herein and/or further Court Order.  CSEA shall not engage in any administrative actions to suspend the Defendant, Michael P. Powers' professional and/or drivers' license(s) unless the Defendant, Micahel P. Powers fails to pay the support and arrearages as set forth herein.

{¶4}  A copy of the judgment entry was sent to CSEA who, almost immediately, took action to collect the arrearages.  CSEA sent letters to Powers informing him of the arrearages; it sent a notice of default and added an additional twenty percent payment obligation towards the arrearages; it intercepted Powers' 2009 federal income tax return and lastly; CSEA reported to the three credit reporting agencies that Powers was

delinquent on his support obligations.

{¶5} Because of CSEA's involvement, Powers moved to add the CSEA as a party, and the trial court granted the motion. Powers also filed motions to show cause why CSEA should not be held in contempt and for attorney fees. After Powers properly served both CSEA and Schmahl with the motions, the court ordered Powers and CSEA to brief the issue of whether the court had "jurisdiction to order CSEA not to pursue collection of support arrears owed by a party in a Domestic Relations case." The parties filed their respective briefs and, in a judgment entry prepared by the magistrate and signed by the court, the court denied Powers' motions. In particular, the court determined that CSEA is mandated by Federal, Ohio and Administrative law to enforce all child support orders, including the collection of arrears. The court determined that it had no jurisdiction to order CSEA not to do that which it is mandated by law to do. The court then found the provisions in the divorce decree ordering CSEA not to collect on arrears to be void and unenforceable. The court determined that because it lacked jurisdiction to order CSEA not to collect the arrears, Powers failed to state a claim upon which relief could be granted and denied both motions.

{¶6} Powers appealed, raising the following four assigned errors:

ASSIGNMENT OF ERROR I

The trial court committed error prejudicial to Powers when it dismissed his motions for "failure to state a claim upon which relief can be granted."

ASSIGNMENT OF ERROR II

The trial court committed error prejudicial to Powers when it, sua sponte, found the provision of the divorce decree "to be void and unenforceable."

ASSIGNMENT OF ERROR III

The trial court committed error prejudicial to Powers when it denied his motion to show cause and his motion for attorney fees.

ASSIGNMENT OF ERROR IV

The trial court committed error prejudicial to Powers when, after referring the matter to its magistrate, circumvented Civil Rule 53 by allowing the magistrate to prepare an "order" for the court's approval. In doing so, it denied Powers due process by eliminating his ability to file objections as allowed pursuant to Civil Rule 53.

{¶7} In his first assignment, Powers finds error with the trial court's dismissal of his motions for failure to state a claim upon which relief can be granted. Powers demonstrates that even though CSEA failed to raise any affirmative defenses in its brief in opposition, the trial court determined, on its own initiative, that Powers' motions for contempt and attorney fees failed to state a claim upon which relief could be granted. Powers argues that this determination was in error as CSEA never raised the affirmative defense and his motion for contempt has merit. We agree although for different reasons as will be articulated below.

{¶8} Initially, we note that 12(B)(6) of the Rules of Civil Procedure deals with dismissal of complaints for failure to state a claim upon which relief can be granted, not dismissal of individual motions. We find the trial court's use of Civ.R. 12(B)(6) language to dismiss Powers' motions to show cause and for attorney fees problematic. A normal course of review of a trial court's Civ.R. 12(B)(6) dismissal is to conduct a de

novo review of the complaint to determine whether the dismissal was appropriate. *Monroe v. Forum Health*, 11th Dist. No. 2012-T-0026, 2012-Ohio-6133.

**{¶9}** To apply the Civ.R. 12(B)(6) standard of review to the present case would be entirely inappropriate. In particular, Powers' motions to show cause and attorney fees do not stand in a vacuum. For this court to conduct a proper review of the motions, we are required and duty bound to review other documents in the record, including but not limited to the divorce decree. We cannot limit our review to the "material allegations contained in the complaint [motion]" because a review of Powers' motions demands a review of the remainder of the record.

**{¶10}** Although we note that the Rules of Civil Procedure neither expressly permit a court to, or forbid a court from, sua sponte, dismissing complaints, we find the trial court's use of Civ.R. 12(B)(6) to dismiss Powers' individual motions to show cause and attorney fees to be in error. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 1995-Ohio-251, 647 N.E.2d 799.

**{¶11}** Powers' first assignment of error is sustained.

**{¶12}** We also find merit to Powers' second assigned error in which he argues the court was without authority to sua sponte vacate a portion of a judgment. The trial court's October 1, 2012 judgment entry finds void and unenforceable all provisions ordering CSEA to not "collect on arrears."

**{¶13}** Our analysis in the second assignment of error is governed by our recent decisions in *State v. Thomas*, 8th Dist. No. 98377, 2012-Ohio-507; *In re R.T.A.,* 8th Dist.

No. 98498, 2012-Ohio-5080; *In re D.M.*, 8th Dist. No. 98633, 2012-Ohio-5422; *In re M.W.*, 8th Dist. No. 98886, 2013-Ohio-170. "A trial court does not have the authority to sua sponte vacate its own final orders; rather, the trial court's authority can come only through a motion filed under Civ.R. 60(B)." *In re R.T.A.*

{¶14} In the present case, the divorce decree journalized September 30, 2009, was a final order from which neither party filed a Civ.R. 60(B) motion for relief from judgment nor asked the court to vacate any provision of the court's judgment. Accordingly, the trial court erred in its October 1, 2012 order when it sua sponte vacated the earlier order.[1]

{¶15} We therefore sustain Powers' second assigned error.

{¶16} Lastly, we find merit to Powers' assertion that CSEA failed to comply with a valid and enforceable court order as asserted in his first and third assigned error. R.C. 3123.22 permits CSEA to collect an arrearage on a child support obligation unless the obligee and obligor agree in a writing signed by the obligee and obligor and approved by the court by journal entry that the actions taken by CSEA be limited to R.C. 3121.03(C), the collection of any federal or state income tax return.

{¶17} That is exactly what Powers and Schmahl attempted to accomplish with pages 9 and 10 of the divorce decree. The parties attempted to limit the authority of

---

[1]Although CSEA argues the instant case is distinguishable from the above-cited authority, we find no merit to CSEA's argument that the court's September 30, 2009 journal entry was void for lack of jurisdiction. We address this issue in the remainder of the opinion.

CSEA to collect on the arrearage because Powers and Schmahl agreed, with the court's consent, as to how the arrearage would be paid. Specifically, the parties agreed that Powers' child support obligation would remain at $1,500 for each of his two children and that Powers would continue to pay that $1,500 per month, per child even after the children reached the age of majority, until the arrearage of $71,000 was paid in full.

{¶18} We note that the divorce decree makes no mention of CSEA's authority to seize Powers' income tax returns and, that Powers initially objected to the seizure of his 2009 federal tax return. Nonetheless, during oral argument before the court, Powers acknowledged that CSEA was within its authority to seize the return, that it was a proper exercise of authority and that he was no longer objecting to the seizure.

{¶19} It is clear from the intent of the divorce decree that the parties agreed on both the amount of child support owed and the manner of repayment. It is also equally clear that the parties intended to limit the CSEA's authority to collect on that arrearage unless, and until, Powers failed to pay as outlined in the agreement. This is the exact fact scenario governed by R.C. 3123.22 and thus, we find that R.C. 3123.22 applies in the present case.

{¶20} We find no merit to the trial court's conclusion that it was without jurisdiction to order CSEA not to collect on the arrearages. R.C. 3123.22 provides a vehicle to deviate from CSEA's standard methodology of collecting arrearages, which is what the parties agreed to with the court's approval. Powers is not arguing or advocating for the court to order CSEA not to collect arrearages, he is simply advocating

for compliance with the agreed-upon order.   Therefore, we find that the trial court erred in determining (1) that it lacked jurisdiction and (2) that the portions of the judgment entry dealing with the collection of arrearages were void.

{¶21}   Based on the foregoing, Powers' first, second and third assignments of error are sustained.   Our analysis of the first three assigned errors renders Powers' fourth and final assignment of error moot.   The judgment of the trial court is reversed and the case is remanded for a hearing on Powers' motions for contempt and for attorney fees.

{¶22}   Judgment reversed and the cause remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURRING
IN PART AND DISSENTING IN PART (WITH

SEPARATE OPINION)

FRANK D. CELEBREZZE, JR., P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶23} I concur in the resolution of appellant's first assignment of error, but dissent with the rest of the majority opinion. I disagree with the holding that R.C. 3123.22 applies to limit CSEA's ability to collect child support arrearages in this case.

{¶24} R.C. 3123.22 provides a specific mechanism to allow parties to work out an agreement about how child support arrearages will be paid. It provides in part that

> if an obligor is paying off an arrearage owed under a support order pursuant to a withholding or deduction notice or order issued under section 3121.03 of the Revised Code, a support order newly issued or modified, or any other order issued to collect the arrearage, the child support enforcement agency administering the notice or order may also take any action * * * to collect any arrearage amount that has not yet been collected under the notice or order, unless the obligee and obligor agree in a writing signed by the obligee and obligor and approved by the court by journal entry that *the additional actions be limited to [the collection of federal and state tax refunds] * * *.*

(Emphasis added.)

{¶25} The majority opinion indicates the parties intended to invoke R.C. 3123.22 to limit CSEA's ability to collect the arrearage. The parties failed to invoke R.C. 3123.22 to limit CSEA's role.

{¶26} The intentions of the parties may be discerned "by use of the rules of construction, the language of the contract, the subject matter of the contract, the parties' respective situations, the circumstances surrounding the transaction * * *, *and the conduct of the parties that demonstrates the construction they themselves placed upon*

*the contract*." (Emphasis added.) *Newell v. Marc W. Lawrence Bldg. Corp.*, 5th Dist. Case No. 94-CA-292, 1995 Ohio App. LEXIS 3595, *5-6 (May 8, 1995), citing *Toledo Police Patrolmen's Assn. v. Toledo*, 94 Ohio App.3d 734, 740, 641 N.E.2d 799 (1994), citing *Huntington & Finke Co. v. Lake Erie Lumber & Supply Co.*, 109 Ohio St. 488, 143 N.E. 132 (1924).

{¶27} The failure to invoke R.C. 3123.22 is demonstrated by the contract provision and Powers's motion to show cause itself. The contract provision in the divorce decree attempts to wholly prevent CSEA from attempting to satisfy the arrearage. In Powers's show cause motion, he argued in part that CSEA was in contempt because it intercepted his tax returns. Neither Powers nor the court has any authority to limit CSEA's ability to intercept federal and state tax returns as a means of satisfying child support arrearages. The court order limiting CSEA's ability to collect child support arrearages is invalid as beyond the court's authority to grant. The majority overlooks this required language and rewrites the provision of the decree to incorporate it. This court has no authority to rewrite this provision of the divorce decree, and the trial court has no authority to require CSEA to comply with the invalid provision. "Courts apply clear and unambiguous contract provisions without regard to the relative advantages gained or hardships suffered by parties. * * * Courts may not rewrite clear and unambiguous contract provisions to achieve a more equitable result." (Citations omitted.) *Cent. Allied Enters. v. Adjutant Gen. Dept.*, 10th Dist. No. 10AP-701, 2011-Ohio-4920, ¶ 19.

{¶28} The provision in the divorce decree attempting to wholly limit CSEA's ability to collect on the arrearage is invalid. R.C. 3123.22 does not apply to the present situation because the language in the decree did not comply with this statute. However, the procedural mechanism used by the magistrate and trial court to dismiss the case, including the magistrate's failure to issue a decision for the trial court to review, as set forth in Powers's fourth assignment of error, was improper. I therefore concur that the case must be remanded to the trial court, but I find no error in the magistrate and trial court's logic that the provision of the divorce decree wholly limiting CSEA's ability to collect child support arrearages is invalid and void.