[Cite as *Niederst v. Niederst*, 2014-Ohio-2406.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100616

## BERNARD NIEDERST

PLAINTIFF-APPELLANT

vs.

## DAVID B. NIEDERST, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-814870

**BEFORE:** Stewart, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Michael R. Stavnicky
T. Christopher O'Connell
Singerman, Mills, Desberg, & Kauntz Co., L.P.A.
3333 Richmond Road, Suite 370
Beachwood, OH    44122


**ATTORNEY FOR APPELLEES**

Jon J. Pinney
Kohrman Jackson & Krantz P.L.L.
One Cleveland Center
1375 East Ninth Street, 20th Floor
Cleveland, OH    44114

MELODY J. STEWART, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant Bernard Niederst obtained a cognovit judgment in the amount of $750,000 against his brother and business partner, defendant David Niederst and various companies apparently associated with him. Seven days later, the court issued a journal entry indicating that it held a "hearing" and, as a result of the hearing, vacated Bernard's judgment. Bernard appeals, claiming that the court acted improperly by, among other things, vacating the cognovit judgment because there was no motion for relief from judgment before the court.

**{¶2}** It is a "bedrock principle of appellate practice in Ohio * * * that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13. The record in this appeal is sparse, to say the least. As relevant to this appeal, it consists only of the cognovit complaint, the cognovit judgment, and a journal entry stating:

> On 10/02/2013, Plaintiff filed a cognovit complaint and judgment was rendered in favor of Plaintiff by confession in the amount of $750,000. A hearing was held on 10/09/2013. As a result of the hearing, the 10/02/2013 judgment in favor of Plaintiff is hereby vacated. A hearing is scheduled for 10/18/2013, at 2:30 p.m. on plaintiff's oral motion to reconsider. Notice issued.

**{¶3}** The record does not contain a motion to vacate the cognovit judgment and David does not deny that he did not file a motion for relief from judgment. He argues, without citation to legal precedent, that the court could act on its own initiative to vacate

the cognovit judgment. In fact, we have consistently held that "[a] trial court has no authority to sua sponte vacate its own final orders" because "Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment." *CAC Home Loans Servicing, LP v. Henderson*, 8th Dist. Cuyahoga No. 98745, 2013-Ohio-275, ¶ 10 (citations omitted). With no motion for relief from judgment filed in conformity with Civ.R. 60(B), the court had no authority to act sua sponte to vacate the cognovit judgment. *See also Schmahl v. Powers*, 8th Dist. Cuyahoga No. 99115, 2013-Ohio-3241, ¶ 13. Our disposition of this appeal is thus dictated by the sparse record on appeal.

{¶4} David appears to suggest that the court considered an oral motion for relief from judgment by asserting that the parties met in chambers with the trial judge and engaged in a "vigorous debate" on the merits of the cognovit judgment. *See* Appellee's Brief, fn. 1. The Ohio Supreme Court has suggested in dicta that "[n]o procedure is provided in the Civil Rules for the securing of relief from a judgment under Civ.R. 60(B) by means of an oral motion." *Lamar v. Marbury*, 69 Ohio St.2d 274, 276, 431 N.E.2d 102 (1982), fn. 4. Even if dicta, the Supreme Court's observations are well-founded. Civ.R. 60(B) states that an application for relief from judgment shall be made by motion as prescribed by the Rules of Civil Procedure. Civ.R. 7(B)(1) requires motions not made during a hearing or trial to be submitted "in writing." We therefore agree with *Lamar* that it is "self-evident" that a trial court cannot grant relief from a final judgment on an oral motion. *Lamar, supra.* While the record indicates that the court held a "hearing,"

we do not know what transpired at that "hearing." With the absence of any written motion for relief from judgment or any indication by the court that David actually submitted a motion for relief from judgment, we have no choice but to sustain the first assignment of error. The remaining three assignments of error are moot.

{¶5} This cause is reversed to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR